UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CALVIN BOWMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 2:18-cv-364-AKK |
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Calvin Bowman, proceeding pro se, asserts a hostile work environment claim under Title VII against the City of Birmingham. The court has for consideration the City's Motion to Dismiss, doc. 3, which is fully briefed, docs. 7, 8, 10, and ripe for review. For the reasons explained more fully below, as to the portion of Bowman's complaint not barred by res judicata, the City's motion is due to be denied.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, because the Plaintiff is pro se, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v.*

*Rowe*, 449 U.S. 5, 9 (1980). "*Pro se* pleading are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. FACTUAL BACKGROUND[1]

This is Bowman's second lawsuit against the City related to his employment. *See Bowman v. City of Birmingham*, No. 17-CV-255-AKK ("*Bowman I*"). The vast majority of the facts alleged in the current complaint repeat the contentions made in *Bowman I*. *See* doc. 2. Thus, the court will only recount the allegations that are new to this lawsuit.

In October 2017, during a mediation hearing related to *Bowman I*, the City falsely accused Bowman of using his work email account for personal purposes and demanded that Bowman resign and accept a settlement offer for $5,000, or face a disciplinary hearing and termination. Doc. 2 at 35. After Bowman rejected the settlement offer, his supervisor issued him a written reprimand for the email infraction. *Id.* at 35-36. These actions led Bowman to file an EEOC charge alleging a retaliatory hostile work environment. Doc. 2 at 36-37. Allegedly, the City retaliated further by: (1) temporarily assigning Bowman the responsibilities of a maintenance manager without promoting him to that position, (2) denying a

---

[1] The court recites the facts as alleged in Bowman's Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

request to work on a Saturday, and (3) instructing him to work as a cashier during one event while assigning management roles to less qualified employees. *Id.* at 37-38. As a result, Bowman filed this lawsuit, pleading a retaliatory hostile work environment claim under Title VII.

## III. ANALYSIS

The City seeks to dismiss this lawsuit on the grounds that (1) res judicata bars portions of Bowman's claim, (2) the City's conduct during mediation is inadmissible to support Bowman's claim, and (3) Bowman fails to state a hostile work environment claim. Doc. 3. The court addresses each argument in turn.

### 1. Res Judicata

As stated previously, this is Bowman's second lawsuit before the undersigned.[2] Given that the allegations here overlap with *Bowman I*, the court begins its analysis with the City's contention that the doctrine of res judicata bars portions of Bowman's claim. This doctrine bars a subsequent action if: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*,

---

[2] The court may "consider judicially noticed documents" at the motion to dismiss stage without converting the motion to a motion for summary judgment. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Judicially noticeable documents include "publicly filed documents" which may be considered "for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)." *Id.* at 811 n.4. Accordingly, the court takes judicial notice of all filings in *Bowman I*.

326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)). The res judicata bar pertains not only to the claims actually raised in the prior action, but also to existing claims that were not raised. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002). In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (internal quotation marks omitted), *cert. denied sub nom. TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp.*, 534 U.S. 827 (2001).

To the extent Bowman's new claim implicates conduct that occurred prior to the filing of *Bowman I*, all four res judicata factors apply. First, the court properly exercised jurisdiction over *Bowman I* pursuant to 42 U.S.C. §§ 1981 and 1983. *See* doc. 1 in *Bowman I*. Second, the court dismissed *Bowman I* on the merits, satisfying step two. *See* doc. 57 in *Bowman I*. Third, the parties are identical, as Bowman filed *Bowman I* against the City and two employees, and brings this action solely against the City. *See* doc. 1 in *Bowman I*.

Finally, the two causes of action are the same in some respects. In *Bowman I*, Bowman pleaded retaliation and retaliatory hostile work environment claims under §§ 1981 and 1983 against the City based on allegations that he repeats nearly verbatim in his current complaint. *See* doc. 1 in *Bowman I*. Although Bowman did

not plead a Title VII claim in *Bowman I*, his current lawsuit challenges the same underlying conduct, and a Title VII claim based on the same facts was clearly available in *Bowman I*. *See Trustmark*, 299 F.3d at 1271; *see also Adams v. Fulton Cty., Ga.*, 397 F. App'x 611, 612 (11th Cir. 2010) ("Both §§ 1981 and 1983 contain the same elements of proof and analytical framework as a Title VII, 42 U.S.C. § 2000e-2, claim in the employment context") (citations omitted). Thus, as to events preceding the filing of *Bowman I*, based on the pleadings in both cases, it is readily apparent that the causes of action arise out of the "same nucleus of operative fact." *In re Piper*, 244 F.3d at 1297. Accordingly, res judicata bars Bowman's claim as it relates to events preceding the filing of his prior lawsuit.

But the court cannot end its analysis here, as Bowman contends that equitable estoppel bars the City from asserting res judicata.[3] Doc. 7 at 6-8. Bowman asserts the City acquiesced to the filing of this lawsuit when it failed to move for reconsideration of the order in *Bowman I* that denied Bowman leave to amend and permitted him to pursue claims relating to the City's conduct in mediation in a new lawsuit. *See* doc. 41 at 2 in *Bowman I*. However, the order stated only that "Bowman is obviously free to pursue his *new* claim in a separate lawsuit." *Id.* (emphasis added). This is far different from stating that Bowman

---

[3] A traditional equitable estoppel claim requires "(1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things; (2) wilfulness or negligence with regard to the acts, conduct or acquiescence; and (3) detrimental reliance by the other party upon the state of things so indicated." *Bokum v. C.I.R.*, 992 F.2d 1136, 1141 (11th Cir. 1993) (quoting *United States v. Aetna Ins. Co.*, 923 F.2d 1521, 1526 (11th Cir. 1991)).

could relitigate all his claims from *Bowman I*. Thus, there is nothing in the order to support a finding that the City acquiesced to Bowman filing this lawsuit to the extent it is premised on events that occurred prior to the filing of *Bowman I*. Similarly, Bowman's contention that the City's failure to move for reconsideration caused him not to file his own motion for reconsideration or seek interlocutory review of the order, doc. 7 at 8, is unavailing. The City had no obligation to move to reconsider on an issue it prevailed on, and its decision not to do so has no legal bearing on Bowman's own actions in prosecuting his case. Accordingly, equitable estoppel does not bar the City from asserting its res judicata defense.

To sum up, except to the extent Bowman's claim arises out of the City's alleged conduct that occurred after the filing of *Bowman I*, res judicata bars Bowman's claim.[4]

**2. Admissibility of Statements Made in Mediation**

The City next contends Rule 408 of the Federal Rules of Evidence prohibits Bowman from relying on its conduct during mediation to support his claims. *See* Fed. R. Evid. 408 ("[C]onduct or a statement made during compromise negotiations" "is not admissible . . . to prove or disprove the validity or amount of a disputed claim"). But the court must take a plaintiff's factual allegations as true

---

[4] Relatedly, this portion of Bowman's claim is also barred by his failure to file it within 90 days of receipt of a right-to-sue letter from the EEOC. *See Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1086 (11th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)).

when considering a motion to dismiss, and must not factor in Rule 408. *Malibu Media, LLC v. Roldan*, No. 8:13-CV-3007-T-30TBM, 2014 WL 3805494, at *2 (M.D. Fla. Aug. 1, 2014) (holding argument that plaintiff's claim relies on inadmissible evidence is inappropriate at motion to dismiss stage) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see Finjan, Inc. v. SonicWall, Inc.*, No. 17-CV-04467-BLF, 2018 WL 2234370, at *5 (N.D. Cal. May 16, 2018) (denying motion to dismiss on Rule 408 grounds because "[a]t this stage, [the plaintiff] only needs to plead factual allegations, when accepted as true, 'state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570). Accordingly, the court gives this contention no weight in determining *this* motion.

### 3. The Sufficiency of Bowman's Claim

Finally, the City challenges the merits of Bowman's claim. To establish a prima facie claim of a retaliatory hostile work environment claim, a plaintiff must plead that "(1) she engaged in protected activity; (2) after doing so, she was subjected to unwelcome harassment; (3) her protected activity was a 'but for' cause of the harassment; (4) the harassment was sufficiently severe or pervasive to alter the terms or conditions of her employment; and (5) a basis exists for holding her employer liable either directly or vicariously." *Swindle v. Jefferson Cty. Comm'n*, 593 F. App'x 919, 929 (11th Cir. 2014) (citing *Univ. of Texas Sw. Med.*

*Ctr. v. Nassar*, 570 U.S. 338, 339 (2013); *Gowski v. Peake*, 682 F.3d 1299, 1311-12 (11th Cir. 2012); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)). The harassment must be both objectively severe or pervasive to a reasonable person and subjectively severe or pervasive to the plaintiff. *Gowski*, 682 F.3d at 1312 (citing *Miller*, 277 F.3d at 1276). In evaluating the objective severity of the harassment, this court looks at the totality of the circumstances and considers, among other things: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller*, 277 F.3d at 1276.

After disposing of the allegations barred by res judicata, Bowman's claim rests on allegations that the City threatened to discharge him if he did not accept its settlement offer, and that his supervisor issued him a written reprimand, assigned him additional work responsibilities, denied a request to work on a Saturday, and assigned him to work as a cashier for an event. Doc. 2 at 35-38. As pleaded, these allegations seem insufficient to rise to the objectively severe level. But there may be nuances to the alleged conduct that testimony can offer to possibly carry the contentions to the required level. Whether Bowman can take his claim beyond the "ordinary tribulations of the workplace," which "cannot form the basis of a claim for actionable harassment or hostile work environment," *Corbett v. Beseler*, 635 F.

App'x 809, 816 (11th Cir. 2015) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)) (internal quotation marks omitted), remains to be seen. However, construing his complaint liberally, as it must at this juncture, the court finds that Bowman has satisfied his burden of stating a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the City's motion is due to be denied.

### IV. CONCLUSION AND ORDER

For the reasons stated above, the City's motion, doc. 3, is **GRANTED** solely as to the allegations of conduct Bowman could have challenged in *Bowman I*. In all other respects, the motion is **DENIED**. Bowman's motion to stay this case, doc. 5, is **MOOT** in light of the court ruling on his motion to vacate in *Bowman I*, *see* doc. 61 in *Bowman I*.

Given that this lawsuit is a single-claim action alleging a hostile work environment which consists of five acts, it is well-suited for expedited discovery. Accordingly, the parties are **ORDERED** to submit, by July 16, 2018, a proposed discovery schedule that has a discovery cutoff of October 9, 2018, and that will have this case ready for a trial in January 2019.

**DONE** the 10th day of July, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE